**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1082**

SIERRA CLUB; VIRGINIA WILDERNESS COMMITTEE,

Petitioners,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK
SERVICE, an agency of the U.S. Department of the Interior; RYAN ZINKE,
in his official capacity as Secretary of the Department of the Interior;
MICHAEL T. REYNOLDS, in his official capacity as Deputy Director,
Operations, Exercising the Authority of Director; STAN AUSTIN, in his official
capacity as Southeast Regional Director, Responsible Official,

Respondents,

ATLANTIC COAST PIPELINE, LLC,

Intervenor.

On Petition for Review of a Decision of the National Park Service. (5-140-1945)

**No. 18-1083**

DEFENDERS OF WILDLIFE; SIERRA CLUB; VIRGINIA WILDERNESS
COMMITTEE,

Petitioners,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR; FISH AND WILDLIFE SERVICE, an agency of the U.S. Department of the Interior; RYAN ZINKE, in his official capacity as Secretary of the Department of the Interior; GREG SHEEHAN, in his official capacity as Principal Deputy Director; CINDY SCHULZ, in her official capacity as Field Supervisor, Virginia Ecological Services, Responsible Official,

Respondents,

ATLANTIC COAST PIPELINE, LLC,

Intervenor.

_____

On Petition for Review of a Decision of the United States Fish and Wildlife Service.
(CP15-554-000; CP15-554-001; CP15-555-000)
_____

Argued: May 10, 2018                                    Decided: August 15, 2018
_____

Before GREGORY, Chief Judge, WYNN and THACKER, Circuit Judges.
_____

Motion denied by published order. This Order is entered by Chief Judge Gregory with the concurrences of Judge Wynn and Judge Thacker.
_____

**ARGUED:** Austin Donald Gerken, Jr., SOUTHERN ENVIRONMENTAL LAW CENTER, Asheville, North Carolina, for Petitioners. Avi Kupfer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents. Brooks Meredith Smith, TROUTMAN SANDERS LLP, Richmond, Virginia, for Intervenor. **ON BRIEF:** Amelia Burnette, J. Patrick Hunter, Asheville, North Carolina, Gregory Buppert, SOUTHERN ENVIRONMENTAL LAW CENTER, Charlottesville, Virginia, for Petitioners. Eric Grant, Deputy Assistant Attorney General, Andrew Mergen, J. David Gunter II, Environment and Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Andrew Tittler, S. Amanda Bossie, Office of the Solicitor, DEPARTMENT OF THE INTERIOR, Washington, D.C., for Respondents. Andrea W. Wortzel, TROUTMAN SANDERS LLP, Richmond, Virginia, for Intervenor.

---
ORDER
---

GREGORY, Chief Judge:

Petitioners seek an injunction halting all construction of the Atlantic Coast Pipeline pending the issuance of a new Incidental Take Statement by the U.S. Fish and Wildlife Service. This request comes after this Court previously vacated the original Incidental Take Statement as arbitrary and capricious. *Sierra Club v. United States Dep't of the Interior*, 722 F. App'x 321, 322 (4th Cir. 2018). Since the vacatur, Intervenor-Respondent Atlantic Coast Pipeline, LLC has ceased all activity that is likely to adversely affect protected species, as determined by the Fish and Wildlife Service. Petitioners do not dispute the fact that such activity has ceased and instead seek to enjoin the remaining construction activities that either do not adversely affect the protected species or are not likely to do so.

Petitioners' several arguments for relief fall into four distinct and alternative categories. First, they argue that issuing an injunction under the All Writs Act is necessary to effectuate this Court's prior decision by preserving the status quo until the Fish and Wildlife Service issues a new Statement. Second, they argue that the Federal Energy Regulatory Commission (FERC) is violating the Natural Gas Act and the Endangered Species Act by allowing construction to continue in the absence of a valid authorization from the Fish and Wildlife Service. Third, they argue that Atlantic Coast Pipeline is violating FERC's certificate of public convenience and necessity, which conditioned pipeline construction on the receipt of all Federal authorizations, including

that of the Fish and Wildlife Service.  161 FERC ¶ 61,042, Atlantic Coast Pipeline, Order Issuing Certificates, at 146 (Oct. 13, 2017) (Condition 54).  Finally, they argue that Atlantic Coast Pipeline is violating the Endangered Species Act by committing irretrievable resources to the pipeline project, which has the effect of foreclosing certain reasonable alternatives for the Fish and Wildlife Service as it completes its consultation. 16 U.S.C. § 1536(d).

To the extent that Petitioners seek relief under the All Writs Act, we hold that such extraordinary relief is not warranted at this time.  To the extent that Petitioners seek *review* of a FERC order for any violations of the Natural Gas Act or the Endangered Species Act, Petitioners must proceed through the specific review process provided by the Natural Gas Act.  15 U.S.C. § 717r(a)–(b).  To the extent that Petitioners seek to *enforce* the terms or conditions of an existing and valid FERC order, such claims must originate in an appropriate district court.  15 U.S.C. § 717u.  And finally, to the extent that Petitioners allege a violation of the Endangered Species Act by Atlantic Coast Pipeline, district courts remain the courts of original jurisdiction.  16 U.S.C. § 1540(c), (g); 28 U.S.C. § 1331.

*MOTION DENIED*